UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MONIQUE L. WILLIAMS, an individual,

       Plaintiff,

vs.

DELRAY AUTO MALL, INC., a Florida corporation,
FGAP INVESTMENT CORP., a Florida corporation,
and FRANZ MENARDY, an individual,

       Defendants.
_____/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, Monique L. Williams, an individual, sues Defendants, Delray Auto Mall, Inc., a Florida corporation ("Delray Auto Mall"), FGAP Investment Corp., a Florida corporation ("FGAP Investment"), and Franz Menardy, an individual ("Mr. Menardy"), and alleges:

**GENERAL ALLEGATIONS**

*SYNOPSIS OF CLAIMS*

1.    As detailed below, Delray Auto Mall — a used car dealership — created a sham "buy back" transaction to evade state usury laws. A "buy back" transaction typically involves a lender acquiring title to collateral from the borrower with the intent of reconveying title back to the borrower at a higher price to disguise interest. *See*, *Pope v. Marshall,* 78 Ga. 635 (1887); *Browner v. District of Columbia*, 549 A.2d 1107 (D.C.App. 1988); *Kuykendall v. Malernee*, 516 P.2d 588 (Ok.App. 1973); *Reitze v. Humphreys*, 125 P. 518 (Col.1912); *Kjar v. Brimley*, 497

P.2d 23,25 (Utah, 1973); *Bantuelle v. Williams*, 667 S.W.2d 810 (Tx.App.1983).

2.   The history of usury regulation is to a large degree an account of conflict between the conviction that the lending of money at high interest rates is predatory and immoral and the fact that such money lending may be necessary for commerce.  See, generally, *The Two-Tiered Consumer Financial Services Marketplace: The Fringe Banking System and its Challenge to Current Thinking About the Socio-Economic Role of Usury Laws in Today's Society.*  51 U.S.C. Law Review 35 (2000).  As a result of the conflict, the structure of credit statutes in most states today mandates a usury ceiling riddled with statutory exceptions for particular creditors or transactions.  The statutory exceptions are known as "special" usury laws because of their limited scope to a specific area of finance, e.g., small loans, pawn brokers, etc.

3.   Delray Auto Mall extends credit to persons such as Ms. Williams under the authority of a special usury law, Florida Statute §520.01, known more commonly as the "Florida Motor Vehicle Retail Sales Finance Act".  As such, Delray Auto Mall routinely extends credit up to the maximum rate of interest of thirty (30%) percent per annum in accordance with the provisions of the Act. However, as detailed below, as the result of the sham "buy back," Defendants have exceeded the statutory cap under applicable Florida special usury law to the extent that the extension of credit to Ms. Williams was unlawful usury for which Defendants are liable.

### *ALLEGATIONS AS TO PARTIES*

4.   At all times material hereto, Ms. Williams was *sui juris* and a resident of St. Lucie County, Florida.

5.   At all times material hereto, Ms. Williams was an unsophisticated woman with

profoundly limited financial circumstances. In particular, as the result of a grave automobile accident, Ms. Williams has a diminished work capacity and limited family income.

6. Like many persons of her station, Ms. Williams must at times obtain short-term, high interest loans from lenders to pay for unexpected household bills.

7. At all times material hereto, Delray Auto Mall was a "dealer" as said term is defined under Florida Statute §320.77(a).

8. At all times material hereto, Delray Auto Mall was a "motor vehicle retail installment seller" or "seller" as said term is defined under Florida Statute §520.02(11).

9. At all times material hereto, FGAP Investment was a Florida corporation doing business at P.O. Box 6484, Delray Beach, Florida 33487.

10. At all times material hereto, FGAP Investment was a "sales finance company" as that term is defined under Florida Statute §520.02(19).

11. At all times material hereto, Mr. Menardy was *sui juris* and a resident of Palm Beach County, Florida.

12. At all times material hereto, Mr. Menardy was a "control person" of Delray Auto Mall and FGAP Investment as said term is defined under Florida Statute §520.02(4).

13. At all times material hereto, Mr. Menardy was the president, manager and control person of Delray Auto Mall and FGAP Investment, and maintained complete authority and control over Delray Auto Mall and FGAP Investment to the extent that Delray Auto Mall and FGAP Investment were the alter egos and mere instrumentalities of Mr. Menardy.

14. As detailed below, Mr. Menardy either directly participated in the wrongful conduct described below or alternatively ratified such activity upon being informed of same.

14.     Pursuant to 16 C.F.R. §433, known more commonly as the "Federal Trade Commission Rule Regarding the Preservation of Consumer Claims and Defenses" or the "FTC Holder Rule" ("FTC Holder Rule"), the holder of a consumer finance contract is subject to all claims and defenses of Ms. Williams as a consumer which are available against the credit seller, to-wit: the Dealership.

## FACTUAL ALLEGATIONS

16.     On or about December, 2008, using part of the settlement proceeds from her personal injury claims, Ms. Williams purchased a new 2009 Jaguar XF automobile with VIN: 5AJWA06B29HR40123 ("Vehicle" or "Jaguar") from a local dealership.

17.     Since the purchase of the Jaguar, Ms. Williams has been the legal and/or equitable owner of the Vehicle.

18.     On or about May 26, 2012, Ms. Williams went to the place of business of Delray Auto Mall at 2612 North Federal Highway, Delray Beach, Florida 33483 for the purpose of inquiring of Delray Auto Mall as to whether Ms. Williams could obtain a loan from Delray Auto Mall using the Jaguar as collateral.

19.     After listening to Ms. Williams discuss her financial circumstances, Delray Auto Mall through Mr. Menardy represented that Delray Auto Mall would be able to provide Ms. Williams with an unspecified amount of money as a loan using the Jaguar as collateral.

20.     Even though it was not clear to Ms. Williams how much money she would actually receive from Delray Auto Mall, Ms. Williams trusted Mr. Menardy and agreed to enter into a loan transaction with Delray Auto Mall.

21.     In order to accomplish the so-called "loan transaction," Delray Auto Mall

instructed Ms. Williams to transfer the Jaguar to Delray Auto Mall, which would then "resell" the Vehicle back to Ms. Williams, despite the fact the Jaguar never left the possession of Ms. Williams.

22. As part of the fake "resale" to Ms. Williams, on or about May 26, 2012, Ms. Williams executed and delivered various documents to effectuate the transfer from Ms. Williams to Delray Auto Mall and from Delray Auto Mall to Ms. Williams ("Buy Back Documents").

23. Delray Auto Mall did not provide Ms. Williams with complete copies of the Buy Back Documents. By information and belief, Delray Auto Mall maintains the original and/or a legible copy of the Buy Back Documents and can produce same in the instant proceeding.

24. As part of the Buy Back Documents, Defendants presented a document to Ms. Williams entitled "Bill of Sale" ("Purchase and Finance Agreement").

25. In the belief that she would be receiving a loan for her personal and household purposes, Ms. Williams executed and delivered the Purchase and Finance Agreement to Delray Auto Mall.

26. A true and correct copy of the Purchase and Finance Agreement is attached hereto and incorporated by reference as Exhibit "A."

27. Pursuant to the Purchase and Finance Agreement, Ms. Williams financed Nineteen Thousand Eight Hundred Eighty and 24/100ths Dollars ($19,880.24) at an annual percentage rate of 22.34%.

28. Despite the "loan" transaction reflected that the "amount financed" was in excess of $19,000.00, Ms. Williams only received approximately Four Thousand Three Hundred Dollars ($4,300.00) directly from Mr. Menardy. To the best recollection of Ms. Williams, Mr. Menardy

gave Ms. Williams the "loan proceeds" using a personal check

29. Subsequent to the execution of the Purchase and Finance Agreement by Ms. Williams, Delray Auto Mall transferred and/or assigned same to FGAP Investment.

30. The above transaction constitutes concealed usury lending using the scheme and artifice of a retail installment transaction. As a result of this scheme, the Dealership obtained thousands of dollars in undisclosed finance charges, including sales tax, at usurious interest rates.

31. On or about July 11, 2012, FGAP repossessed the Jaguar when Ms. Williams was unable to make the monthly installment payment of Six Hundred Thirty Dollars ($630.00).

### COUNT I - ACTION FOR VIOLATION OF THE TRUTH IN LENDING ACT
### (AS TO DELRAY AUTO MALL AND FGAP ONLY)

32. This is an action for violation of the Truth in Lending Act, 15 U.S.C. Section 1601, *et sequi* ("TILA") and the regulations promulgated thereunder.

33. Plaintiff realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

34. The Dealership violated the TILA and Regulation Z with respect to the RISC by failing to properly deliver all "material" disclosures as required by the TILA and Regulation Z, including the following:

    (a) by failing to disclose accurately and properly the "finance charge," in violation of 15 U.S.C. Section 1638(a)(3) and Regulation Z, 12 CFR Section 226.18(d) and 226.14;

    (b) by failing to disclose accurately and properly the "amount financed" in violation of 15 U.S.C. Section 1638(a)(2) and Regulation Z, 12 CFR Section 226.18(b); and

  (c) by failing to disclose accurately and properly the "annual percentage rate", in violation of 15 U.S.C. Section 1638(a)(4) and Regulation Z, 12 CFR Section 226.18(e).

  35. The Dealership further violated the TILA by failing to deliver any disclosures to Ms. Williams in a form she could keep prior to the consummation of the transaction as required by 15 U.S.C. Section 1638(b)(1).

  36. By reason of the aforesaid violations of TILA and Regulation Z, Defendants are liable to Ms. Williams for actual and statutory damages, including but not necessarily limited to twice the finance charge pursuant to 15 U.S.C. Section 1640(a).

  37. Pursuant to 15 U.S.C. Section 1640, Ms. Williams is entitled to recover reasonable attorney's fees to be determined by the Court.

  38. Ms. Williams has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

  WHEREFORE, Plaintiff, Monique L. Williams, an individual, demands judgment against Defendants, Delray Auto Mall, a Florida corporation, and FGAP Investment Corp., a Florida corporation, for:

  A. Actual damages to be established at trial pursuant to 15 U.S.C. Section 1640(a)(1);

  B. Statutory damages in the amount of twice the finance charge pursuant to 15 U.S.C. Section 1640(a)(2);

  C. Attorney's fees and costs in accordance with 15 U.S.C. Section 1640; and

  D. Such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE
## FLORIDA MOTOR VEHICLE RETAIL SALES FINANCE ACT
### *( AS TO DELRAY AUTO MALL AND FGAP INVESTMENT)*

39.     This is an action for violation of the Florida Motor Vehicle Retail Sales Finance Act ("FMVRSFA"), Florida Statutes §520.01, *et sequi*, brought herein pursuant to the pendant jurisdiction of this Court.

40.     Ms. Williams realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

41.     At all times material hereto, Plaintiff was a "retail buyer" or "buyer" as said terms are defined under Florida Statutes §520.02(10).

42.     At all times material hereto, the Jaguar was a "motor vehicle" as said term is defined under Florida Statutes §520.02(7).

43.     At all times material hereto, the Purchase and Finance Agreement was a "retail installment contract" or "contract" as said terms are defined under Florida Statute §520.02(11).

44.     At all times material hereto, the purchase of the Jaguar was a "retail installment transaction" as said term is defined under Florida Statutes §520.02(13).

45.     In addition to assessing a finance charge in excess of the limitations of Florida Statute §520.08(1), Delray Auto Mall has violated the Motor Vehicle Retail Sales Finance Act by failing to provide the required consumer disclosures as mandated by FMVRSFA.  In particular, Delray Auto Mall did not provide accurate and proper disclosures in the form and with the content required under Florida Statutes §520.07(1)(b) and (2)(a), (b), (c) and (d).

46.     At all times material hereto, Delray Auto Mall was engaged in the business of providing consumer loans to the public at large in Florida and knowledgeable of the requirements

with respect to the extension of credit subject to the Florida Motor Vehicle Retail Sales Finance Act. Accordingly, the above-described violations of the Florida Motor Vehicle Retail Sales Finance Act were willful in nature.

47. As a direct and proximate result of the willful violation of the Florida Motor Vehicle Retail Sales Finance Act, Plaintiff is entitled to recover from Defendants the amount equal to any finance charge, plus attorney's fees and court costs incurred by Plaintiff to assert her rights under Florida Statute §520.12(2).

48. Plaintiff has employed the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Monique L. Williams, an individual, demands judgment against Defendants, Delray Auto Mall, a Florida corporation, and FGAP Investment Corp., a Florida corporation, for damages, together with interest, court costs and attorney's fees pursuant to Florida Statute §520.12.

### COUNT III - ACTION FOR VIOLATION OF THE
### FLORIDA LENDING PRACTICES ACT, CHAPTER 687, FLORIDA STATUTES
### *(AS TO ALL DEFENDANTS)*

49. This is an action for violation of the Florida Lending Practices Act, Florida Statutes Chapter 687, brought herein pursuant to the doctrine of pendant jurisdiction.

50. Ms. Williams realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

51. At all times material hereto, the Purchase and Finance Agreement was a "usurious contract" as said term is defined under Florida Statute §687.02.

52. Pursuant to Florida Statute §687.04, a person, agent, officer or other representative

of any person, who has violated the provisions of Florida Statutes §687.03, shall forfeit the entire interest so charged, or contract to be charged or reserved, and only the actual principal sum of such usurious contract can be enforced in any court of this state, either at law or in equity, when said usurious interest is taken or reserved, or has been paid, then in that event the person who has taken or reserved, or has been paid, either directly or indirectly, such usurious interest shall forfeit to the party for whom such usurious interest has been reserved, taken, or exacted in any way, double the amount of interest so reserved, taken, or exacted.

53. As a direct and proximate result of the violation of the Florida Lending Practices Act, Ms. Williams has been damaged.

54. Pursuant to Florida Statute §687.147, Ms. Williams is entitled to recover her attorneys fees and court costs for the filing of the instant action.

55. Ms. Williams has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Monique L. Williams, an individual, demands judgment against Defendant, Delray Auto Mall, Inc., a Florida corporation, FGAP Investment Corp., a Florida corporation, and Franz Menardy, an individual, for damages, together with interest, costs and attorneys fees.

<u>**COUNT IV - ACTION FOR VIOLATION OF
ARTICLE IX, UNIFORM COMMERCIAL CODE**</u>
*(AS TO FGAP INVESTMENT ONLY)*

56. This is an action for violation of Article IX, Part VI, Uniform Commercial Code ("UCC"), brought herein pursuant to the doctrine of pendant jurisdiction.

57. Ms. Williams realleges and reaffirms the allegations contained in Paragraphs 1

through 31 above as if set forth hereat in full.

58. At all times material hereto, the Jaguar was a "consumer good" as said term is defined under the UCC.

59. Pursuant to Florida Statute §679.610, every aspect of the disposition of collateral, including the method, manner, time, place and other terms must be commercially reasonable.

60. FGAP Investment did not act in a commercially reasonable manner within the meaning of Article IX, Part VI of the UCC with respect to the repossession of the Jaguar.

61. As a direct and proximate result of the violation of the default procedures of the UCC by FGAP Investment, Ms. Williams has the right to recover damages for any loss caused by the failure of FGAP Investment to comply with the provisions of the UCC, in any event in an amount not less than the credit service charge plus ten percent (10%) of the principal amount of the debt or the time-price differential plus ten percent (10% ) of the cash price as set forth under Florida Statute §679.625(3)(b).

62. As a result of the violation of the UCC by FGAP Investment, Ms. Williams has been damaged. The damages of Ms. Williams include the following:

   A. The value of the Jaguar; and

   B. The cost of obtaining alternative transportation.

63. Pursuant to the terms and provisions of the Purchase and Finance Agreement, FGAP Investment is entitled to recover attorney's fees and court costs in the event of an action to enforce the rights of FGAP Investment thereunder.

64. Ms. Williams has employed the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Monique L. Williams, an individual, demands judgment in her favor against Defendant, FGAP Investment Corp., a Florida corporation, for damages, together with interest, court costs and attorney's fees pursuant to Florida Statute Section 57.105(7).

### COUNT V - ACTION FOR VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (AS TO ALL DEFENDANTS)

65. This is an action for violation of Florida Statute §501.201, *et sequi,* known more commonly as the "Florida Deceptive and Unfair Trade Practices Act" (the "DUTPA"), brought herein pursuant to the doctrine of pendant jurisdiction.

66. Ms. Williams realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

67. At all times material hereto, Ms. Williams was an "interested party" or "person" as said term is defined under Florida Statute §501.203(6).

68. At all times material hereto, the Jaguar was a "motor vehicle" and "used motor vehicle" as said terms are defined under Florida Statute §320.01(1) and §319.001(11), respectively.

69. By virtue of the acts described above, Defendants were engaged in "trade or commerce" as said term is defined under Florida Statute §501.203(8).

70. As more particularly described above, Defendants have engaged in unfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statute §501.204(1).

71. As a direct and proximate result of the violation of the DUTPA, Ms. Williams has been damaged and is an aggrieved person under the DUTPA. The damages of Ms. Williams

include the following:

      A.     The value of the Jaguar; and

      B.     The cost of obtaining alternative transportation.

72.     Ms. Williams has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Monique L. Williams, an individual, demands judgment against Defendants, Delray Auto Mall, Inc., a Florida corporation, FGAP Investment Corp., a Florida corporation, and Franz Menardy, an individual, an individual, for:

      A.     Damages in an amount to be determined at trial; and

      B.     Attorney's fees and court costs pursuant to Florida Statute §501.2105.

### COUNT VI - ACTION FOR CONVERSION
### *(AS TO ALL DEFENDANTS)*

73.     This is an action for conversion brought herein pursuant to the doctrine of pendant jurisdiction.

74.     Ms. Willams realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

75.     The taking and selling of the Jaguar was without legal cause or justification and constituted a conversion of the property of Ms. Williams.

76.     As a direct and proximate result of the conversion of the Jaguar, Ms. Williams has been damaged. The damages of Ms. Williams include the following:

      A.     The value of the Jaguar;

      B.     The cost of obtaining alternative transportation; and

   C. Mental pain and shock, suffering, aggravation, humiliation and embarrassment.

WHEREFORE, Plaintiff, Monique L. Williams, an individual, demands judgment for damages against Defendants, Delray Auto Mall, Inc., a Florida corporation, FGAP Investment Corp., a Florida corporation, and Franz Menardy, an individual, together with interest and costs.

## COUNT VII - ACTION FOR EQUITABLE RELIEF (U.C.C.)
### *(AS TO FGAP INVESTMENT ONLY)*

77. This is an action for equitable relief brought herein pursuant to the doctrine of pendant jurisdiction.

78. Ms. Williams realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

79. As detailed above, FGAP Investment has acted wrongfully with respect to the taking of collateral represented by the Purchase and Finance Agreement.

80. Pursuant to Florida Statute §679.625, if it is established that a secured party is not proceeding in accordance with Article IX, Part VI of the UCC, the court may enter an order restraining collection, enforcement or disposition of collateral of appropriate terms and conditions.

81. Ms. Williams does not have an adequate remedy at law with respect to the disposition of the Jaguar.

82. Ms. Williams will suffer irreparable injury if FGAP Investment is not enjoined from disposing of the Jaguar.

WHEREFORE, Plaintiff, Monique L. Williams, an individual, respectfully moves this

Court for an order enjoining Defendant, FGAP Investment Corp., a Florida corporation , from disposing of the Jaguar or acting in a manner contrary to the requirements of the Uniform Commercial Code with respect to the disposition of same.

### COUNT VIII - ACTION FOR EQUITABLE RELIEF (COMMON LAW)
### (AS TO FGAP INVESTMENT ONLY)

83. This is an action for common law equitable relief brought herein pursuant to the doctrine of pendant jurisdiction.

84. Ms. Williams realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

85. As detailed above, FGAP Investment repossessed the Jaguar without good cause or justification and without compliance under the UCC.

86. Ms. Williams does not have an adequate remedy at law with respect to the intended sale of the Jaguar.

87. Ms. Williams will suffer irreparable injury if FGAP Investment is allowed to the sell the Jaguar.

WHEREFORE, Plaintiff, Monique L. Williams, an individual, demands judgment for injunctive relief, both temporary and permanent, against Defendant, FGAP Investment Corp., a Florida corporation, and for such other and further relief as justice may require.

### DEMAND FOR JURY TRIAL

Plaintiff, Monique L. Williams, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

       /s/ Robert W. Murphy
ROBERT W. MURPHY
Florida Bar No.: 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
Telephone: (954) 763-8660
Telecopier: (954) 763-8607
Email: rphyu@aol.com

-16-