UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: **12-cv-14291-GRAHAM/LYNCH**

MONIQUE L. WILLIAMS, an individual,

Plaintiff,

vs.

DELRAY AUTO MALL, INC., a Florida corporation,
FGAP INVESTMENT CORP., a Florida corporation,
and FRANZ MENARDY, an individual,

Defendants.
_____/

## DEFENDANTS/COUNTER-PLAINTIFFS' RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM OR, ALTERNATIVELY TO STRIKE

Defendants, Delray Auto Mall, Inc. ("Delray"), FGAP Investment Corp. (FGAP), and Franz Menardy ("Menardy") (collectively referred to herein as the "Delray Parties"), by and through the undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby file their Response and Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss Counterclaim or, Alternatively to Strike. [DE 51].

### INTRODUCTION

Plaintiff Monique Williams' (hereinafter" Williams") Motion to Dismiss or in the Alternative to Strike [DE 51] premised on the inadvertent failure of the Delray Parties to file the Exhibit "K" to the Counterclaims must be denied as moot. The Delray Parties, prior to the filing of this Opposition, filed a Notice of Filing the Exhibit "K". [DE 53]. Williams' follows up is a baseless argument that the Delray Parties' Counterclaims should be dismissed or struck, at least in part, because the filing as exhibits to the Counterclaims, Exhibit's "A-J" [DE 51], were

"unnecessary". This arguments is without any basis in law or fact, and must be denied by this Honorable Court.

## BACKGROUND

1. The Delray Parties asserted an Amended Counterclaim against Willaims, together with their Answer and Affirmative Defenses to the Amended Complaint, that was filed with this Court on March 13, 2013. [DE 47 ].

2. Williams filed a Motion to Dismiss the First Amended Counterclaim or, Alternatively to Strike with this Court on March 22, 2013. [DE 51].

3. As set forth herein in detail, Williams' purported Motion to Dismiss or in the Alternative Motion to Strike, is deficient as a matter of law and should be denied.

## MEMORANDUM OF LAW

The Delray Parties attached Exhibits to their Amended Counterclaims. Such Exhibits relate to the transaction they had with Williams, and the documents the Delray Parties were given from Williams which the Delray Parties' claim are misrepresentative of the true state of facts. Williams' purported basis for her Motion to Dismiss or in the Alternative to strike, is that the Exhibits attached to Defendant's Amended Answer and Counterclaim are "unnecessary" and violate Rules 8 and 12(f) of the Federal Rules of Civil Procedure. Williams' follows that such "unnecessary" filing justifies this Honorable Court dismissing the Delray Parties' Amended Counterclaims. Williams fails to explain to this Court how or why the exhibits referenced in the Delray Parties' Counterclaims are "unnecessary evidentiary materials". This is likely so, because Williams' argument is completely without merit.

Even assuming that Williams had an argument with a scintilla of foundation, dismissal is not a remedy available. At best, a striking of immaterial portions of pleadings could be.

### A. Bringing a Motion to Dismiss under Rule 12(f) is Improper

Williams incorrectly relies by Rule 12(f) as a basis for her Motion to Dismiss. However, Rule 12(f) only relates to the striking of part of pleadings, not dismissal.

Rule 12(f) of the Federal Rules of Civil Procedure, provides:

"(f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

In *Riviera S. Apartments, Inc. v. QBE Ins. Corp.,* 07-60934 CIV, 2007 WL 2506682 (S.D. Fla. Aug. 30, 2007), the court explained: "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Federal courts have unambiguously held that, under Rule 12(f) "[I]t is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint, or a counterclaim, or to strike an opponent's affidavits*." § 1380 Motion to Strike—In General,* 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.); *Barr v. Dramatists Guild, Inc.*, 573 F.Supp. 555, 559 (D.C.N.Y. 1983) (holding that even assuming allegations in the counterclaim were improper because they included "improper matter", the remedy would be a motion to strike rather than a dismissal.).

Williams, contrary to the law, argues that the Delray Parties' Amended Counterclaims should be dismissed based on Rule 12(f). As said Rule is not a valid basis for dismissing claims presented in pleadings, this Court must deny Williams' argument.

An exhibit attached to a pleading is a part of the pleading for all purposes, same as if the exhibit were written directly into the pleading. *Northern Indiana Gun & Outdoor Shows, Inv. v. City of South Bend*, 163 F. 3d 449, 451 (7th Cir. 1998) (Rule 10(c) provides that exhibits attached to the pleading is a part of the pleading.). This court has held that the striking of part of a pleading is a drastic measure, and will be granted infrequently. *Tracfone Wireless, Inc. v.*

*Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1361 (S.D. Fla. 2009) ("As this Circuit has held, a motion to strike a pleading is a drastic remedy to be resorted to only when required for the purposes of justice.").

Williams has not alleged or described to this Court how any of the incorporated exhibits are "impertinent, redundant, immaterial, or scandalous." Instead, Williams merely describes them as "unnecessary." [DE 51]. Striking the exhibits which have been properly incorporated into the Delray Parties' pleading is not called for.  Rather, Williams' moving for the relief of a striking of the pleading is nothing but a dilatory effort.  *See, e.g., Federal Ins. Co. v. Edenbaum*, 2012 WL 2803739 * 2 (D. Md. July 9, 2012). Because Williams has not legitimately presented argument to support dismissal of all or any part of the Amended Counterclaims, it could be inferred that Williams' Motion [DE 51] is being used to further slow the process of justice. Accordingly, Williams' subject Motion to Dismiss must be denied.  Likewise, Williams' argument that the striking of all or any of the Exhibits attached to the Delray Parties' Counterclaims is justified, fails.  No argument was made by Williams as to why the Exhibits could be considered "redundant, immaterial, impertinent, or scandalous".

### B. **Exhibits "A-J" Have Been Properly Incorporated into Defendant's Amended Counterclaim as "Writings" under Rule 10(c)**

Federal Rule 10(c) authorizes the incorporation of "[A]ny written instrument which is an exhibit" attached to a pleading. This rule has been applied to a wealth of different federal cases, incorporating many different types of exhibits as part of the pleadings. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010); *U.S. v. Rothstein*, 2010 WL 2813454, *3 (S.D. Fla. 2010); *Volk v. Zeanah*, 2010 WL 318261, *4 (S.D. Ga. 2010); *Fleming v. Barber*, 2008 WL 2790194 (N.D. Fla. 2008) (affidavit and search warrant and other documents may be properly

4

incorporated into a pleading); *Wagner v. Oerlikon USA, Inc*., 2008 WL 2262041 (M.D. Fla. 2008) (employment agreements may be properly incorporated into a pleading.).

Here, Williams fails to properly depict the circumstances of the exhibits in relation to the claims made against her.  Attaching writings to pleadings is a permissive rather than mandatory act.  Fed.R.Civ.P. 10(c); *see Venture Associates Corp. v. Zenith Data Systems Corp.,* 987 F. 2d 429, 431 (7th Cir. 1993) (holding that "[a] plaintiff us under no obligation to attach to her complaint documents upon which her action is based . . ."); *Petty v. Goord,* 2002 WL 31458240 (D.C.N.Y. Nov. 4, 2002) (where exhibits attached to pleadings included many different types of documents such as health records, lab reports, prior grievances, and forms assigning authority to Bureau of Prisons to open one's mail.).

The Delray Parties are permitted to attach and incorporate exhibits "A-J" as "writings" under  Fed.R.Civ.P. 10(c). All of the exhibits claimed by Williams as being "unnecessary," are clearly referenced within the Delray Parties' Amended Counterclaim, and as such, are "writings" that contribute to the very core of their claims for relief in this matter Fed R.Civ.P. 10(c).  The exhibits to the Amended Counterclaims are either: (a) a document comprising the subject sale of the automobile to Williams which was breached by Williams; or (b) documents that form the basis of the misrepresentations by Williams to the Delray Parties.  Not one of the Exhibits Williams erroneously claims is "unnecessary," was attached without a factual reference in the pleading, and are not merely, "evidentiary material."  The documents are used to appraise Williams of the basis for the claims made against her by the Delray Parties, and are therefore permissively attached to the pleading by the Delray Parties.  Williams' Motion to Dismiss, or in the Alternative to Strike, is plainly without warrant and must be denied as a matter of law.

### Conclusion

For the reasons set forth herein, Defendant's respectfully request that this Honorable Court deny Plaintiff MONIQUE WILLIAM'S Motion to Dismiss or Alternatively to Strike.

Dated:    April 5, 2013
          Miami, Florida

                                    Respectfully submitted,

                                    **FOREMAN FRIEDMAN, P.A.**

                                    By: /s/ Kevin H. Fabrikant
                                        Kevin H. Fabrikant, Esq.
                                        Florida Bar No. 0170070
                                        khf@fflegal.com
                                        FOREMAN FRIEDMAN, P.A.
                                        One Biscayne Tower, Suite 2300
                                        2 South Biscayne Boulevard
                                        Miami, FL 33131
                                        Phone: 305-358-6555
                                        Fax: 305-374-9077
                                        *Attorneys for the Defendants*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

BY: /s/ Kevin H. Fabrikant

## SERVICE LIST

**CASE NO. 2-12-CV-14291-DLG Judge: Graham/ Magistrate Judge: Lynch**

Robert Murphy Esq.,
rphyu@aol.com,
Florida Bar No.:717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
Telephone: (954) 763-8660
Fax: 954-763-8607
*Attorney for Plaintiff*